IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 20-cv-58

RANDY MORSE,

      Plaintiff,

vs.

LDI MECHANICAL, INC.,

      Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Randy Morse, by his attorney Robert M. Liechty of ROBERT M LIECHTY PC, brings his complaint as follows:

1.      Plaintiff Randy Morse lives in Lakewood, Colorado, and defendant LDI Mechanical, Inc., is a Delaware corporation that has a principal place of business in Denver, Colorado.

2.      Mr. Morse began work as an HVAC service technician for defendant on April 22, 2019, and was terminated two weeks later on May 3, 2019.  LDI Mechanical believed he could not climb a ladder or stairs, which belief came from a foreman mistakenly concluding that Mr. Morse could not climb a ladder.

3.      This foreman stated that while climbing up a ladder, the foreman saw that Mr. Morse was maintaining only 1-point contact, that is, he had only 1 foot on the

ladder.  The foreman said that he was using both his hands to pull his other leg up the ladder.  The foreman directed Mr. Morse to immediately climb down the ladder.

4.      Because Mr. Morse was new on the job, he did not argue with the foreman and climbed down the ladder.  However, Mr. Morse could have climbed up the ladder that day as he had been doing the past 25 years as a service technician.

5.      Mr. Morse's disability came from enemy fire in Turkey in 1990 when he injured his right knee, for which the VA rated him as 50% disabled.  LDI knew of this military-service disability.

6.      It would have been impossible for Mr. Morse to climb up a ladder pulling his injured right knee up with two hands, as the foreman stated above, because, if he were to bend over to grab his knee with both hands, his head would have hit the ladder and caused him to fall.

7.      However, he has never fallen off a ladder and he has never used either one or both hands to pull his right leg up the ladder.  He does agree that it would take him several seconds longer to scale a ladder, but his disability simply makes him a little slower, not unable to climb a ladder.  He has never not climbed a ladder because of his disability.

8.      On the following day, when superintendent Jeremy Walker laid Mr. Morse off, Mr. Walker did not ask Mr. Morse any questions regarding whether he could climb stairs or ladders.  Instead, the company simply wrongly assumed that his disability prevented him from climbing ladders and walking up stairs.

9.     In Mr. Morse's termination letter, superintendent Jeremy Walker wrote the following:

> Due to Randy Morse (RIGHT KNEE) condition he is unable to perform his daily work tasks.  This is why we must let Randy go.  Randy cannot climb a ladder safely; he can barely walk upstairs.

10.    All HVAC service technicians must climb ladders and stairs because the units upon which they work are on top of buildings.  Therefore, a belief that he could not climb ladders and stairs was a belief that he could not work as a service technician.

11.    Thus, LDI Mechanical terminated Mr. Morse because it perceived that he could not adequately walk up the stairs or climb a ladder.

12.    This is a "regarded as" case and not a case involving whether Mr. Morse could perform the essential functions of the job.  Mr. Morse had climbed ladders and stairs for 25 years and has continued to do so.  Thus, he could perform the job's essential functions.  The only issue is whether LDI regarded Mr. Morse as being too disabled to do the work.

13.    LDI did no further investigation into what Mr. Morse could do in terms of walking up stairs or climbing ladders.  Instead, it simply assumed, without any rational basis, that Mr. Morse, who had been working in the business for 25 years, could not do what he had been doing for the last 25 years and continues to do now.

### *Cause of Action*

14.    Mr. Morse filed a dual charge of discrimination with the Colorado Civil Rights Division and the EEOC.  He received a right to sue dated December 18, 2019, and has exhausted his administrative remedies.

15.     Under 42 USC §12102(3)(A), an individual meets the requirement of being regarded as having an impairment if the individual establishes that he was terminated because of a perceived physical impairment, whether or not the impairment limits a major life activity.  LDI Mechanical believed that Mr. Morse had a physical impairment which limited his ability to walk, even though this was a false belief.

16.     LDI Mechanical terminated Mr. Morse's employment based upon this false belief.  This violates 42 USC §12112(a), for which Mr. Morse may recover compensatory under §12117(a), which incorporates the recovery under Title VII and under 42 USC §1981A(a) and (b).  He was damaged by loss of income and has also suffered humiliation and inconvenience.

17.     He is also entitled to punitive damages under 42 USC §1981A(b)(1) because LDI Mechanical engaged in this discriminatory practice with reckless indifference to Ms. Morse's federally protected rights.

18.     Finally, Mr. Morse is entitled to his attorney's fees and costs pursuant to 42 USC §2000e-5(k).

WHEREFORE, plaintiff Randy Morse respectfully requests that this court enter judgment in his favor and for interest, costs, attorney's fees, and such other relief as this court may deem proper.

Plaintiff requests trial to a jury.

Respectfully submitted this January 8, 2020.


By:    s/    *Robert M. Liechty*
       Robert M. Liechty
       ROBERT M LIECHTY PC
       1800 Gaylord St.
       Denver, Colorado 80206
       Tel: (303) 861-5300
       Fax: (303) 861-2746
       Email:  rliechty@crossliechty.com
       ATTORNEY FOR PLAINTIFF

Address of Plaintiff:
485 S. Wright St., Apt. 112
Lakewood, CO 80228